**DISMISS and Opinion Filed April 9, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00537-CV

**NAIL ROAD 1, L.P., Appellant**
**V.**
**DALLAS COUNTY, TEXAS, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-17321**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

This appeal challenges the trial court's order denying appellant's motion to reinstate the underlying suit, which appellant voluntarily nonsuited. Because the notice of appeal was not timely filed, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

To ensure simplicity and certainty in determining the time for perfecting an appeal, the Texas Rules of Appellate Procedure calculate the deadline for filing a notice of appeal from the date the final judgment is signed. *See* TEX. R. APP. P. 26.1; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("Simplicity and

certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal."). When a post-judgment motion such as a motion to reinstate or motion for new trial is filed, the deadline is ninety days, or with an extension motion 105 days, from the date the judgment is signed. *See id.* 26.1(a), 26.3. An order denying a post-judgment motion such as a motion to reinstate or motion for new trial is not separately appealable from the final judgment and does not start the appellate timetable. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 465 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

The notice of appeal here was filed within thirty days of the order denying the motion to reinstate but 124 days after the order of nonsuit. Because the notice of appeal appeared untimely, we questioned our jurisdiction over the appeal and directed the parties to file letter briefs addressing our concern. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional).

Appellant argues in its jurisdictional brief that because the underlying suit was voluntarily nonsuited, the operative order is the order denying reinstatement and the deadline for filing the notice of appeal was the date the trial court's plenary jurisdiction over the case expired–-thirty days after the order denying reinstatement was signed. *See* TEX. R. CIV. P. 329b(e) (trial court retains plenary power over case for thirty days after all post-judgment motions are overruled by operation of law or written order, whichever occurs first). Appellant appears to reason that the order

denying reinstatement should trigger the appellate deadlines because that is the basis for the appeal, not the voluntary nonsuit.

Having an appellate deadline unique to appeals that follow voluntary nonsuits affords no certainty or simplicity. As noted above and argued by appellee in its responsive letter brief, the appellate rules expressly provide the deadline runs from the signing of the judgment, not the order denying the post-judgment motion. *See* TEX. R. APP. P. 26.1; *Jarrell*, 580 S.W.3d at 465.

As the notice of appeal here was not filed within 105 days of the signing of the judgment–-the order of nonsuit, it was not timely, and we lack jurisdiction over the appeal. *See Brashear*, 302 S.W.3d at 545. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

200537F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NAIL ROAD 1, L.P., Appellant

No. 05-20-00537-CV      V.

DALLAS COUNTY, TEXAS,
Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-17321.
Opinion delivered by Justice
Osborne, Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Dallas County, Texas recover its costs, if any, of this appeal from appellant Nail Road 1, L.P.

Judgment entered April 9, 2021.